UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LINNELL RICHMOND, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7: 20-054-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR JOYNER, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Linnell Richmond, Jr., is a federal inmate currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky.  Proceeding without an attorney, Richmond has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee.[1]

For clarification, after filing his § 2241 petition in this case, Richmond filed a second § 2241 petition raising related claims in *Richmond v. Joyner*, No. 7:20-cv-074-DCR (E.D. Ky. 2020).  However, in light of the identity of the claims presented in both petitions, the Court in the later-filed case directed the Clerk of the Court to re-file that petition into this case as a supplement to the § 2241 petition filed in this case, so that all of Richmond's claims for relief may be resolved in one proceeding.  *Id*. at R. 4.  This later-filed petition has now been docketed

---

[1] Although this matter was previously dismissed because Richmond failed to pay the $5.00 filing fee [R. 5], Richmond subsequently paid the filing fee [R. 6] and filed a motion requesting that the Court re-open the matter.  [R. 9]  Richmond's motion was granted and this matter was restored to the Court's docket.  [R. 12]

1

into the record in this case as a Supplement.  [R. 15]  Thus, the Court will review Richmond's claims made in both his original § 2241 petition [R. 1] and his supplemental petition.  [R. 15]

Richmond's § 2241 petition and supplement [R. 1, 15] are now before the Court to conduct an initial review of Richmond's claims for relief pursuant to 28 U.S.C. § 2243.  *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

## I.

In March 1996, Richmond was convicted by a federal jury in the United States District Court for the Eastern District of Tennessee of conspiring to interfere with commerce by violence, in violation of 18 U.S.C. § 371; aiding and abetting a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; two counts of aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and aiding and abetting the possession of a machine gun, in violation of 18 U.S.C. § 922(o).  In June 1996, Richmond was sentenced to an aggregate term of imprisonment of 411 months.  His convictions and sentence were affirmed on appeal to the United States Court of Appeals for the Sixth Circuit, and the United States Supreme Court denied his petition for writ of certiorari.  *United States v. Richmond*, No. 3:95-CR-126-TAV-DCP-3 (E.D. Tenn. 1995)  *See also United States v. Richmond*, 129 F.3d 1266 (6th Cir. 1997); *Richmond v. United States*, No. 3:16-CV-307-TAV, 2019 WL 2270595, at *1 (E.D. Tenn. May 28, 2019).

2

In June 2016, Richmond filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, claiming that his Hobbs Act robbery conviction does not qualify as a predicate "crime of violence" for purposes of his related § 924(c) conviction in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *United States v. Richmond*, No. 3:95-CR-126-TAV-DCP-3 (E.D. Tenn. 1995) at R. 271. [2] After filing his original § 2255 petition, he filed three pleadings seeking to supplement his petition, including to add claims that his § 924(c) conviction and sentence violate *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and that his counsel was constitutionally ineffective with regard to his direct appeal. *Id.* at R. 288.

In May 2019, the District Court entered a Memorandum Opinion and Order denying Richmond's § 2255 motion. The Court noted that, with respect to Richmond's challenge to the "residual clause" of 18 U.S.C. § 924(c), while the holding in *Johnson* invalidated the residual clause of § 924(e)(2)(B)(ii), the constitutionality of § 924(c)'s residual clause was an issue that was then pending before the Supreme Court in *United States v. Davis*, 139 S.Ct. 782 (2019). *Id.* at R. 295. Even so, the Court found that Richmond's "challenged convictions must stand because Hobbs Act robbery also as a crime of violence under § 924(c)'s force clause."

---

[2] The Armed Career Criminal Act ("ACCA") provides a sentencing enhancement for offenders who have three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e)(1). For purposes of this enhancement, a "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year…that – (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C.A. § 924(e)(2)(B)(ii) (emphasis added). The italicized portion of this definition is known as the ACCA's "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2555-56 (2015). In *Johnson*, the Supreme Court held that the definition of a "violent felony" in the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague, thus imposing an increased sentence under that clause violates the due process guarantee of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2563.

*Id.* at R. 295 at p. 2-3 (citing *United States v. Gooch*, 850 F.3d 285, 291-292 (6th Cir. 2017)).[3]

With respect to Richmond's motion for leave to supplement his § 2255 motion to add an *Alleyne* claim and an ineffective assistance of counsel claim, the District Court denied Richmond's motion because those claims would be untimely. *Id*. at R. 295 at p. 4-5.

In November 2019, the United States Court of Appeals for the Sixth Circuit denied Richmond's request for a certificate of appealability, explaining:

> In his first three grounds for relief, Richmond challenged his § 924(c) convictions, asserting that Hobbs Act robbery "does not qualify as a 'crime of violence' under [either] the force clause of § 924(c)(3)(A)," because it can be committed without physical force, or the residual clause of § 924(c)(3)(B), because *Johnson* invalidated the similarly worded residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), as unconstitutionally vague. The district court rejected these grounds for relief, concluding that Richmond's § 924(c) convictions "must stand because Hobbs Act robbery . . . qualifies as a crime of violence under § 924(c)'s force clause." *See United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017).
>
> Reasonable jurists would not debate the district court's rejection of Richmond's first three grounds for relief. *See Miller-El*, 537 U.S. at 327. The definition of "crime of violence" in § 924(c)(3)(B) "is unconstitutionally vague." *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). But *Davis* has no effect on

---

[3] Section 924(c) provides for heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). Pursuant to 18 U.S.C. § 924(c)(3), a "crime of violence" is defined as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first subpart of this definition, § 924(c)(3)(A), is known as the "elements" or "use-of-force" clause. The second subpart, § 924(c)(3)(B), is known as the "residual" clause. In the now-decided *United States v. Davis*, 139 S.Ct. 2319 (2019), the United States Supreme Court held that the "residual clause" set forth in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

> Richmond's § 924(c) convictions because the Hobbs Act robbery offense that underlies those convictions qualifies as a crime of violence under § 924(c)(3)(A), which is the use-of-force, rather than the residual, clause of § 924(c)(3). *See United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 845 (2019); *Gooch*, 850 F.3d at 291-92. Section 924(c)(3)(A) covers offenses that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Richmond's Hobbs Act robbery convictions satisfy § 924(c)(3)(A)'s definition of "crime of violence." *See Gooch*, 850 F.3d at 291-92.

*Richmond v. United States*, No. 19-5738 (6th Cir. Nov. 14, 2019) at p. 2-3. The Sixth Circuit also found that reasonable jurists would not debate that Richmond's *Alleyne* claim and ineffective assistance of appellate counsel claims were untimely. *Id*. at p. 4.

Richmond has continued to seek relief from his convictions and sentence in the District Court via a motion for sentence reduction based on the First Step Act's clarification of § 924(c) and a motion "pursuant to Rule 60(b)." *United States v. Richmond*, No. 3:95-CR-126-TAV-DCP-3 (E.D. Tenn. 1995) at R. 294, 302. In Richmond's "Rule 60(b)" motion, he argues that his second § 924(c) conviction is invalid because "it is not supported by an independent firearm use or possession," and therefore violates the Double Jeopardy Clause. *Id*. at R. 294. He also continues to argue that his § 924(c) conviction based on his Hobbs Act robbery conviction is invalid because conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3)(B)'s force clause and § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Davis*. *Id*. at R. 294, 295. Both Richmond's First Step Act motion and his "Rule 60(b)" motion remain pending in the Eastern District of Tennessee.

Richmond has also previously filed a habeas petition filed in this Court pursuant to 28 U.S.C. § 2241. *Richmond v. Burnhart*, No. 6:19-cv-064-REW (E.D. Ky. 2019). In his first § 2241 petition, Richmond sought a sentence reduction under the First Step Act, arguing that his sentence was improperly imposed. He also asserted that his defense counsel was ineffective

at trial for failing to object to the trial court's alleged misapplication of § 924(c).  *Id.* at R. 1.
The Court denied Richmond's § 2241 petition for both procedural reasons and because his
claims failed on the merits.  *Id.* at R. 6.

Richmond has now filed another petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2241 [R. 1] and supplement [R. 15] in this Court.  In his § 2241 petition, Richmond
claims that he did not know in advance that his cohort would be armed and that he did not
"willingly, knowingly, and actively participate" in a conspiracy to commit Hobbs Act robbery,
thus his § 924(c) conviction predicated on his Hobbs Act robbery conviction is improper.  [R.
1 at p. 7]  Richmond further claims that, to convict him for violating § 924(c)(3)(A) and (B)
under an "aiding and abetting" theory, the government was required to prove that he had
"advanced knowledge that a confederate would use or carry a gun during the crime
commission," which he claims the government failed to do.  [R. 1 at p. 7, 8]

In his supplement to his petition [R. 15], Richmond continues to challenge his § 924(c)
convictions, raising the same arguments he has previously made in pleadings related to his §
2255 motion.  In denying Richmond's § 2255 motion, the District Court in the Eastern District
of Tennessee specifically concluded that Richmond's conspiracy to commit Hobbs Act
robbery conviction qualifies as "crime of violence" under § 924(c)(3)(A)'s "use of force
clause," and that, therefore Richmond's § 924(c) convictions are unaffected by *Davis*.  *United
States v. Richmond*, Case No. 3:95-CR-126-TAV-DCP-3 (E.D. Tenn. 1995) at R. 295.  In
addition, the Sixth Circuit likewise concluded that "*Davis* has no effect on Richmond's §
924(c) convictions because the Hobbs Act robbery offense that underlies those convictions
qualifies as a crime of violence under § 924(c)(3)(A), which is the use-of-force, rather than the

residual, clause of § 924(c)(3)." *Richmond v. United States*, No. 19-5738 (6th Cir. Nov. 14, 2019) at p. 2-3.

Even so, in his current § 2241 petition, Richmond continues to argue that his aiding and abetting Hobbs Act robbery conviction does not qualify as a "crime of violence" under § 924(c)(3)(A)'s "force" clause and § 924(c)(3)(B)'s "residual" clause is unconstitutionally vague in light of the Supreme Court's decision in *Davis*. [R. 15 at p. 8] Richmond further argues that his two § 924(c) convictions were supported by the same firearm collection in the indictment, which he argues violates the Double Jeopardy Clause, a claim that he also raises in his "Rule 60" motion that is currently pending before the District Court in the Eastern District of Tennessee. [R. 15 at p. 8-11] Finally, he again claims that his appellate counsel was ineffective for failing to be prepared to address Richmond's §§ 922(o) and 924(c) convictions during the oral argument on his direct appeal, a claim that the Tennessee District Court already found was untimely. [R. 15 at p. 10] He seeks to bring his claims in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e).

After reviewing both Richmond's original § 2241 petition [R. 1] and his supplement to his petition [R. 15], the Court must deny relief because Richmond's claims are not cognizable in this § 2241 habeas corpus proceeding.

## II.

Richmond's § 2241 habeas petition presents challenges to the legality of his convictions. While a federal prisoner may challenge the legality of his convictions and sentence in a 28 U.S.C. § 2255 motion before the sentencing court, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials

7

that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A habeas corpus petition under 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241

8

petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief."  *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

## III.

### A.

In his § 2241 petition, Richmond essentially challenges whether the Government sufficiently proved his Hobbs Act robbery conviction, which, in turn, was a predicate "crime of violence" conviction supporting his § 924(c) conviction.  Richmond claims that, in order to convict him of "aiding and abetting" a Hobbs Act robbery, the government was required to prove that he had "advanced knowledge that a confederate would use or carry a gun during the crime commission," which he claims it failed to do.  [R. 1 at p. 7, 8]  However, this claim is not based on a retroactively applicable Supreme Court re-interpreting the substantive terms of the criminal statute under which he was convicted, as is required to proceed via the savings clause of § 2255(e).  Rather, it is a claim of ordinary trial error that could and must have been pursued on direct appeal or in an initial § 2255 motion.  Thus, Richmond may not bring this claim in a § 2241 petition.

To be sure, while Richmond's § 2241 petition fails to develop this claim in any meaningful way, he has also filed (without requesting leave of Court to do so) a "motion for summary judgment" in further support of his claims.  [R. 17]  Richmond's motion is procedurally improper, as motions for summary judgment are generally neither necessary nor appropriate in habeas proceedings, and because presentation of claims piece-meal over multiple pleadings is disfavored, as it makes identifying and responding to petitioner's claims unduly burdensome.  Even putting these procedural issues aside, in his motion, Richmond expands on his argument regarding his aiding and abetting Hobbs Act robbery conviction,

claiming that "the Supreme Court has ruled in *Rosemond* that aiding and abetting Hobbs Act robbery qualifies only under the § 924(c)(3)(A)'s force clause definition only if the government has proved the elements of 'the Petitioner has knowledge that a confederate would be armed during the crime's commission,' or 'the Petitioner did knowingly and actively participate[] in the Hobbs Act robbery.'" [R. 17 at p. 6]

In *Rosemond v. United States*, 572 U.S. 65 (2014), the Supreme Court held that "[a]n active participant in a drug transaction has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun." *Rosemond*, 572 U.S. at 77. However, Richmond is not entitled to relief under *Rosemond* because "the Supreme Court has not made *Rosemond* retroactive on collateral review." *Velez v. United States*, No. 17-5369, 2017 WL 10402847, at *2 (6th Cir. Sept. 1, 2017). *See also Oscar v. Martin*, No. 3:15-CV-90-CWR, 2015 WL 5297267, at *3 (S.D. Miss. Sept. 10, 2015) (collecting cases); *Taniguchi v. Butler*, No. 14-120-KKC, 2014 WL 5063748, at *5-6 (E.D. Ky. Oct. 8, 2014); *Evans v. United States*, No. 08-CR-20429, 2015 WL 5838647, at *2-3 (W.D. Tenn. Oct. 7, 2015).

In addition, *Rosemond* was decided in 2014, thus Richmond could have raised this claim in his original § 2255 motion filed in June 2016; in any of the three pleadings that he filed seeking to supplement his § 2255 petition; in his pending "Rule 60" motion; or even in his first § 2241 petition that he filed in this Court in 2019. As with his other claims, because Richmond cannot show that he had no "prior reasonable opportunity" to bring his *Rosemond* claim, he may not raise it in this Court via the savings clause. *See Sanders v. United States*, 373 U.S. 1, 18 (1963) ("[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his

10

right to a hearing on a second application presenting the withheld ground…Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay.").

**B.**

Turning to the claims made in Richmond's supplement to his § 2241 petition, both his "Double Jeopardy" claim and his ineffective assistance of counsel claim (which is a Sixth Amendment claim) are constitutional claims of ordinary trial error which could be, and therefore must have been, pursued on direct appeal or in an initial motion under § 2255. Cf. *Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003) (claim under *Strickland* that counsel was ineffective may not be pursued under § 2241); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (habeas petition under § 2241 is not the proper vehicle to assert claims of prosecutorial misconduct, ineffective assistance of counsel, and lack of probable cause for warrant).

Similarly, his claim that his § 924(c) convictions are invalid in light of *Davis*'s holding invalidating the residual clause of § 924(c)(3)(B) is a constitutional due process claim.  Thus, this claim must be asserted (if at all) in a petition filed pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015).  Because all of Richmond's constitutional claims are of the kind that can be asserted under § 2255, that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss*, 115 F. App'x at 773-74; *McDowell v. Warden, FCC Medium Coleman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Moreover, Richmond cannot demonstrate that he has had no "reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, because he has previously raised

11

each of these claims and they have been rejected by both the District Court in the Eastern District of Tennessee and the Sixth Circuit.  In addition, Richmond is currently seeking relief based on his *Davis* claim and his Double Jeopardy claim via his Rule 60 motion pending in the Eastern District of Tennessee.  Because Richmond has had multiple opportunities to raise his claims for relief in the Court that sentenced him, he "cannot now use the saving clause to get another bite at the apple" via a § 2241 petition filed in this Court.  *Id*. at 706.

Moreover, Richmond's claim that an "aiding and abetting" Hobbs Act robbery conviction is not a "crime of violence" under § 924(c)(3)(A)'s "use of force" clause is without merit.  As both the District Court and the Sixth Circuit have already determined, the Sixth Circuit has repeatedly held that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.  *See Camp v. United States*, 903 F.3d 594, 597 (6th Cir. 2018) (recognizing that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) is a crime of violence under § 924(c)'s "use-of-force" clause) (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied*, ___ U.S. ___, 137 S.Ct. 2230 (2017)); *United States v. Robinson*, 708 F. App'x 272, 274 (6th Cir. 2017) ("Thus, in the Sixth Circuit, Hobbs Act robbery is a crime of violence by way of Section 924(c)(3)(A)…The six other circuits that have addressed the question all agree.") (citing *Gooch*, 850 F.3d at 291-92).

While Richmond suggests that it matters whether his conviction was for "aiding and abetting" Hobbs Act robbery, he is mistaken, as "[a]iding and abetting is simply an alternative theory of liability; it is 'not a distinct substantive crime.'"  *United States v. Richardson*, 948 F. 3d 733, 741-42 (6th Cir. 2020) (citing *United States v. McGee*, 529 F.3d 691, 695–96 (6th Cir. 2008)).  Thus, "to sustain a conviction under § 924(c), it makes no difference whether [the defendant] was an aider and abettor or a principal."  *Richardson*, 948 F.3d at 742.  For these

12

reasons, a "conviction for aiding and abetting Hobbs Act robbery satisfies the elements [or "use of force"] clause" of § 924(c)(3)(A). *Id*. at 742. Because Richmond's Hobbs Act robbery conviction qualifies as a "crime of violence" under the "use-of-force" clause of § 924(c)(3)(A), the Supreme Court's holding in *Davis* invalidating the residual clause simply does not apply to him. Thus, he is not entitled to relief in light of *Davis*.

For all of these reasons, Richmond's claims do not fall within the limited exception recognized by *Hill* and *Wright*, and, therefore, he may not challenge his convictions in this § 2241 proceeding.

Accordingly, the Court hereby **ORDERS** as follows:

1.     Richmond's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and his supplemental § 2241 petition [R. 15] are **DENIED**.

2.     Any pending request for relief, including Richmond's motion for summary judgment [R. 17], are **DENIED AS MOOT**.

3.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.     A corresponding Judgment will be entered this date.

This 18th day of September, 2020.



Signed By:

*William O. Bertelsman*   WOB

**United States District Judge**

13